In the Matter of Jane OLAH, Debtor.

Robert W. FISHER, Florence L. Fisher, Plaintiffs,

v.

Jane Ellen OLAH, Edward L. Olah, Springfield Federal Savings and Loan Association, George W. Ledford, Trustee, Day-Met, Inc., Nicholas R. Cagnetti, Treasurer of Logan County, Defendants.

Bankruptcy No. 3–82–02749.
Adv. No. 3–82–0794.

United States Bankruptcy Court, S.D. Ohio, W.D.

June 30, 1983.

William R. Coen, Dayton, Ohio, for debtor/defendants.

Kenneth G. Rush, Springfield, Ohio, for plaintiffs.

George W. Ledford, Englewood, Ohio, trustee.

## DECISION AND ORDER

CHARLES A. ANDERSON, Bankruptcy Judge.

### PRELIMINARY PROCEDURE

This matter is before the Court upon Complaint filed on 2 December 1982 for relief from the automatic stay imposed by 11 U.S.C. § 362(a). The Plaintiffs do not oppose confirmation of Debtor's proposed Chapter 13 Plan which would pay unsecured creditors 100% of their claims after payment of various secured claims. The Court heard the matter on 20 December 1982. The parties subsequently submitted legal memoranda. The following decision is based upon the evidence adduced at the hearing, and the record, inclusive of the parties' memoranda, and also the record in Debtor's estate file, numbered 3–82–02749 which is judicially noticed herein.

### FINDINGS OF FACT

The pertinent facts are not in controversy. Plaintiffs are creditors secured by real estate owned by Debtors. On 15 June 1982, Plaintiffs filed a prepetition state court foreclosure action. On 19 August 1982, the state court issued an Entry ordering foreclosure of the property. On 23 August 1982, the state court then issued an Order of Sale of the subject property. The property was appraised at $160,000.00, and the sale was set for 10:00 A.M., on 1 October 1982.

Debtors filed their Petition under 11 U.S.C. Chapter 13 on 30 September 1982. The subject property was duly scheduled as property of the estate. Debtor's Chapter 13 Plan proposes that Debtor cure Plaintiff's accelerated debt, and that "Robert W. Fisher ... be paid upon the sale of real estate, outside the Plan."

The next day the sale was duly held at 10:00 A.M., and Defendant Nicholas R. Cagnetti purchased the real estate for $110,000.00.

At 10:05 A.M., five minutes after the sale was completed, the Sheriff conducting the sale received actual notice of the bankrupt-

cy filing from Edward L. Olah personally. Mr. Olah testified that he thought the notice was actually given prior to the time of the sale.

Plaintiffs filed the instant Complaint on 2 December 1982 requesting that this Court grant relief from stay to permit the foreclosure sale to "proceed."

Debtors respond that the property is worth considerably more than the price obtained at the foreclosure sale, and that this Court should vacate the sale.

## DECISION AND ORDER

■ This Court has previously determined that the sale of property at a sheriff's foreclosure sale effects a termination of a debtor's equity of redemption in such property, and further precludes any action to defeat the property rights of any *bona fide* purchaser for value. See *Lomas & Nettleton Co. v. Smith*, 24 B.R. 403 (Bkrtcy. 1982). The only issue before the Court in this case is whether the fact that the sale was conducted the day after a bankruptcy petition filing, but without actual knowledge of the petition filing, operates to except the instant sale from the principles established in *Lomas & Nettleton v. Smith*.

An action taken in violation of this Court's automatic stay is void *ab initio*. Nevertheless, absent compelling circumstances, this Court will not vacate a duly completed sale of real estate under the auspices of state court and without actual notice of this Court's jurisdiction. The state court sale was accomplished with unquestioned due process of state law. Debtor essentially argues that, despite the fact that Debtor had considerable advance notice of the sale and yet was unable to give even actual notice of her bankruptcy filing to the Sheriff prior to the sale, Debtor's "eleventh hour" filing should operate to rescind a completed sale for the purpose of seeking a private sale of the property under the auspices of this Court. It is the determination of the Court that the facts and circumstances of the instant case do not justify such conclusion or an exception to prior opinions of this Court as to the vesting of the rights of a *bona fide* purchaser for value.

There is ambiguity and a conflict in the evidence as to whether the Sheriff was orally notified on the day of sale of the filing of a Chapter 13 Petition prior to the sale. Furthermore, the purchaser testified that he is no longer prepared to proceed with the sale and that he had stopped payment on his check delivered to the Sheriff. The Sheriff testified that the order of sale issued by the Common Pleas Court had not to date been returned to that Court.

■ It is the opinion of this Court that the validity of the state court foreclosure sale is a question exclusively within the jurisdiction of the state court. If there is, in fact, no *bona fide* purchaser to be adversely affected by the bankruptcy court jurisdiction and, consequently, the equity of redemption is yet available to Debtor as a matter of state law, the Debtor's proposed Plan should be confirmed for the benefit of all creditors.

It is, therefore, ORDERED, ADJUDGED AND DECREED that Plaintiffs should be provisionally denied Relief from the Stay.