**In the Matter of Jane Ellen OLAH, Debtor.**

**Bankruptcy No. 3–82–02749.**

United States Bankruptcy Court, S.D. Ohio, W.D.

July 17, 1984.

William R. Coen, Dayton, Ohio, for debtor.

Kenneth G. Rush, Springfield, Ohio, for Robert & Florence Fisher.

George W. Ledford, Englewood, Ohio, trustee.

## DECISION

CHARLES A. ANDERSON, Bankruptcy Judge.

Jane Ellen Olah filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on September 30, 1982. She scheduled five secured creditors with debts totalling $324,648.02, and a disputed unsecured claim.

Prior to filing in Chapter 13 the Debtor was a defendant in a foreclosure action in the Common Pleas Court of Logan County, Ohio, instituted on 15 June 1982 by Robert W. Fisher and Florence L. Fisher. A judgment had been taken in this action on 19 August 1982 and an order of sale was issued to the Sheriff. A public sale was conducted on 1 October 1982. On 2 December 1982 the Fishers filed a complaint in this Bankruptcy Court seeking relief from the automatic stay, alleging the property had been sold by the Sheriff.

On 30 June 1983 this court entered a Decision and Order holding that the fact that a foreclosure sale of debtor's property was conducted one day after the bankruptcy petition filing did not *ipso facto* prevent termination by the automatic stay of debtor's equity of redemption in such property, but precluded any action to defeat the rights of a bona fide purchaser for value where the sale was conducted without actual knowledge of the bankruptcy petition. Whether or not such a bona fide purchaser in fact existed was relegated to state court

determination. *See, Matter of Olah*, 31 B.R. 396 (Bankr.S.D.Ohio 1983).

The proposed Plan provides for payment of 100 per cent to unsecured claims, however, "subsequent to secured and priority claims." The following creditors are to be paid "outside of the Plan, as follows: "Springfield Federal Savings & Loan by husband—Bellefontaine Federal Savings & Loan by Land Contract receipts—Miami Valley Bank to be paid from interest on Certificate of Deposit income."

The Plan also proposes, in a separate class, "Robert W. Fisher to be paid upon the sale of real estate outside the Plan." The proposed Plan further provides, as follows: "From the payments received, the Trustee shall make disbursement in the following order:

"(a) All secured claims, including amounts necessary to cure Debtors default on real estate mortgages as indicated in Paragraph 4 above, on a pro-rata basis. Secured claims, except for payment of arrearages on real estate mortgages and tax liens, shall be paid dividends based on the value of collateral set forth in Schedule 11(a), plus interest at the rate of 6% per annum on the unpaid balance or the contract rate reduced to simple interest (rounded to the nearest whole number), whichever is lower, until the secured claim is paid in full. Secured creditors shall retain their liens until completion by the Debtor of payment with interest as provided herein on the creditor's secured claims at which time the security interests (liens) shall be discharged. Any amount of said claims over and above the value of the collateral shall be treated as an unsecured claim."

The Debtor describes herself as a "Real Estate Investor and Homemaker" with no income other than interest income on a $15000.00 certificate of deposit at $2400.00 per annum and monthly receipts of $619.04 from two land contracts. Her husband pays all "living and housing expenses."

The Farmers Banking Company, Lakeview, Ohio filed on 26 October 1982 a motion for transfer of the case to the Eastern

Division; and, Robert W. Fisher, Florence L. Fisher and Springfield Federal Savings and Loan Association filed a joint motion to dismiss or transfer the case to the Eastern Division on 22 November 1982, both of which motions were denied on 2 December 1982.

On 29 December 1983 the Debtor objected to the claim of Robert W. Fisher and Florence L. Fisher "for the reason that said amount does not take into consideration certain set offs and/or adjustments and erroneous interest calculations." On 26 March 1984 a "memoranda Contra Debtor's Objection to claim of Robert W. Fisher/Florence L. Fisher" was filed to the effect that their claim is based upon a judgment rendered on 24 March 1982 by the Common Pleas Court of Logan County, Ohio, and a certificate of judgment filed the same date for $43,463.85 with interest at the rate of 15 per centum per annum from February 8, 1982. It is urged that this judgment is *res judicata* and that the alleged "set offs" are against another entity, Associated Real Estate Technicians, a separate debtor corporation in this court.

Hearing dates assigned by the court on these matters for 27 March 1984 and 17 April 1984 were continued upon request of the attorneys for the parties because of settlement discussions.

In the meantime the Fishers on 11 April 1984 again filed a motion for relief from the automatic stay to proceed with the state court foreclosure action, previously denied. The Debtor responded by refiling an objection to their claims, as previously filed on 29 December 1983. This offset, however, is based upon an account receivable from Associated Real Estate Technicians, Inc. in the alleged amount of $7847.66, to which debtor claims a derivative right as sole owner of the corporate entity.

## OPINION

After over one and one half years litigation between the Debtor and the Fishers under the cloak and guise of a Chapter 13 case, this court is now constrained to require these parties to get down to basics.

The parties have agreed that all other secured creditors are being paid currently "outside the plan," and have not been prejudiced by the inordinate delay. Obviously, nevertheless, the state court foreclosure suit and the allowance and liquidation of the Fisher judgment has been stymied by procedural niceties.

This court, therefore, confronts the issues on the *ratio decidendi* in our prior decisions, particularly *Matter of Berry*, 5 B.R. 515, 6 B.C.D. 649, 2 C.B.C.2d 663 (S.D.Ohio 1980); *Citicorp Person-To-Person Financial Center v. Jordan*, 32 B.R. 867 (S.D.Ohio 1983); and *Matter of The Concord Storage and Warehouse Company, Inc., et al.* 40 B.R. 831 (Bkrtcy.S.D. Ohio 1984).

In *Berry, supra*, this court held that in all Chapter 13 cases wherein property or funds are being diverted to special creditors "outside the plan", a court should for the protection of all interested parties and superintendency of the estate retain complete jurisdiction over the entire estate, including future earnings and anticipated income, which must be under the Trustees exclusive control because the primary thrust and responsibility in exercising jurisdiction will be to protect all creditors affected by the plan as confirmed.

In *Citicorp, supra*, this court accordingly held that the use of the words "outside" the Plan is a misnomer. Regardless of who distributes the estate funds, payments contemplated by a proposed plan are "inside" the Plan as confirmed.

In *Concord Storage et al., supra*, this court opined at pages 13–14 as follows: "The bankruptcy courts cannot feasibly function as merely a sanctum sanctorum while the fundamental conflict resolution and conflict management impacting the reorganization process is subject to the jurisdiction of extraneous forums. Already the disposition of issues in this case not justiciable in the bankruptcy court have been forestalled for over two years, and no end is in sight."

Adverting to the facts *instanter* it is noted that the amount of the judgment lien

claim of the Fishers has been determined by the state court and is now *res judicata* in the bankruptcy court. The alleged "set off" asserted by the Debtor is a separate cause of action *ex contractu* arising under Ohio law and must be litigated in the state courts. The amount of the claim payable by the Chapter 13 Trustee cannot be determined or estimated, therefore, until this state law question has been resolved. Likewise, the state court has exclusive jurisdiction over the real estate foreclosure action.

Hence, relief from the automatic stay of the foreclosure action must be granted to the Fishers as in the best interest of all creditors unless the Debtor forthwith (1) amends the proposed plan to afford exclusive control over all estate funds and all payments to all creditors ("inside the plan") and (2) institutes forthwith an action in the state courts to litigate the contract action against the Fishers and files a copy of the pleadings in the instant case; and, (3) continues to maintain current payments to the other secured creditors by *ad interim* deposits with the Chapter 13 Trustee pending confirmation of a plan herein.