The LOMAS & NETTLETON
COMPANY, Plaintiff,

v.

Jessie Lee SMITH, George Ledford,
Trustee, Defendants.

In the Matter of Jessie Lee
SMITH, Debtor.

Bankruptcy No. 3–82–02154.
Adv. No. 3–82–0610.

United States Bankruptcy Court,
S.D. Ohio, W.D.

Nov. 3, 1982.

Kirk Sampson, Cincinnati, Ohio, for plaintiff.

Lloyd Cohen, Dayton, Ohio, for debtor/defendant.

George Ledford, Englewood, Ohio, trustee.

## DECISION AND ORDER

CHARLES A. ANDERSON, Bankruptcy Judge.

### FACTS

The facts have been submitted by stipulation pursuant to a Pretrial Conference and the record of the court judicially noticed.

Plaintiff as servicing agent for Czechoslavak Society of America filed a foreclosure action in the Common Pleas Court of Montgomery County, Ohio, on 22 January 1982. The loan was then 16 months delinquent. Judgment and Decree of Foreclosure was entered for $8,377.40 on 19 May 1982 and the property was duly sold to the highest bidder for cash by the Sheriff on order of sale. The appraised value in the foreclosure suit was $15,600.00 and the property was sold at public auction on 30 July 1982 at 10:00 A.M. for the sum of $10,650.00, two-thirds the appraised value. All sale proceeds were applied to the first mortgage, payment on a judgment lien, and costs. By journal entry filed 11 August 1982 the Common Pleas confirmed the sale, ordering deed and distribution. Checks to the plaintiff in the sum of $9,239.42 and to the judgment lienholder in the sum of $600.00 are being held by the Sheriff. The deed to the purchaser was recorded immediately in the office of the Recorder of Montgomery County, Ohio.

Debtor filed her voluntary petition under Chapter 13 on 30 July 1982 at 4:12 P.M., approximately 6½ hours after the Sheriff's public auction. Her proposed Plan contemplates monthly payments of $200.00 for 60 months. The balance due on the foreclosed mortgage "to be paid off in plan at contract interest of 5¼ per annum." The original promissory note and mortgage was executed on 29 July 1964. The unsecured creditors would be paid 100% of their claims, after secured creditors are paid. The Plan makes no provision for curing the mortgage loan arrearage through September, 1982, in the amount of $3,524.00.

**404**

## DECISION

The facts illustrate a specimen instance of the loss of economic values to creditors who would be paid 100% of their claims under a proposed plan contemplating deacceleration of a secured claim, the subject of a state court foreclosure suit. By the sale of debtor's homestead in a state court foreclosure, for only ⅔ of the appraised value, an investment and asset value developed over a period of nearly 18 years has been sacrificed. The property is not only Debtor's homestead but, obviously, represents the fruits of a lifetime input.

██ Despite the ruthlessness of such a deplorable situation, the objection to confirmation must be sustained for two reasons. Adverting to this Court's decision in *Percy Wilson Mortgage and Finance Corporation v. McCurdy, et al.,* 21 B.R. 535, 9 B.C.D. 330 (Bkrtcy.Ohio 1982), the Debtor's proposed Plan does not meet the standards of feasability, there enunciated. The mortgage was 16 months delinquent prior to foreclosure; and, Debtor is able to offer only token redemption over a period of five years. Repeating from *McCurdy,* "... the Court should not be an instrument for debtors seeking to use the legal process to effect only a delay of the inevitable rights of mortgagees. The bankruptcy court is not an asylum given to refugees enjoying diplomatic immunity from the law of the land...." Even more critical, deacceleration cannot be extended to defeat the rights of *bona fide* purchasers for value. The Ohio law achieves such a purpose by terminating a debtor's right of redemption upon confirmation of a sheriff's sale (which occurred by order of the state court on 11 August 1982). See Ohio Revised Code § 2329.33.

If confirmation standards were met by Debtor's proposed plan, perhaps an action would now lie for damages resulting from a cavalier transfer of record title to a third party after the invocation by Debtor of the automatic stay of 11 U.S.C. § 362. Even if the Debtor's proposed Plan could merit confirmation in Chapter 13 under *McCurdy,* however, the question of stay violation is not *sub judice;* and, also, there is some doubt from the stipulation of facts when plaintiff in the state court received notice of the Chapter 13 case.

ORDERED, ADJUDGED AND DECREED that the proposed Chapter 13 Plan should be, and is hereby denied and the Section 362 stay modified to validate the Sheriff's sale and distribution of the sale proceeds.