**WINTERS NATIONAL BANK & TRUST COMPANY OF DAYTON, Plaintiff,**

v.

**Katherine Mae SIMPSON,**

**George W. Ledford, Trustee, Defendants.**

**In the Matter of Katherine Mae SIMPSON, Debtor.**

**Bankruptcy No. 3–82–02413.**
**Adv. No. 3–82–0628.**

United States Bankruptcy Court,
S.D. Ohio, W.D.

Dec. 22, 1982.

James P. Hickey, Dayton, Ohio, for plaintiff.

George W. Ledford, Englewood, Ohio, trustee/defendant.

Thomas R. Noland, Dayton, Ohio, for defendant/debtor.

CHARLES A. ANDERSON, Bankruptcy Judge.

## FINDINGS OF FACT

This matter is before the Court upon "Complaint to Remove Stay" filed on 23 September 1982. The Court considered the matter at a pretrial conference on 4 November 1982, at which time the parties agreed to submit the matter to the Court for decision based upon the record without the necessity of oral argument. The parties subsequently submitted "Stipulated Facts" and memoranda of law, upon which this decision is based.

The facts as stipulated by the parties are as follows:

1. Defendant assumed a Mortgage Note due Plaintiff on July 17, 1979.

2. The Plaintiff, Winters National Bank & Trust Company, on March 23, 1982, filed a foreclosure complaint in the Common Pleas Court of Montgomery County, Ohio, under Case No. 82–833. The Defendant, Katherine Mae Simpson, was served with a copy of said Complaint on March 25, 1982. With the completion of service, the Defendant was notified of the Plaintiff's intent to foreclose the 12-month delinquent mortgage lien on her property described as follows:

Situated in the Township of Harrison County of Montgomery, State of Ohio; And being Lot Numbered Three Hundred Ninety-Six (396) Ft. McKinley Plat, as is recorded in Plat Book "H", Page 63 of the Plat Records of Montgomery County, Ohio.

Said mortgage was recorded in Microfiche 78–1566–A08 and was assumed by the Defendant herein on July 17, 1979.

3. The Defendant, Katherine Mae Simpson, failed to file an answer or other appropriate pleadings; and on May 3, 1982, a judgment entry of foreclosure was filed awarding judgment to the Plaintiff in the sum of $16,098.38 plus interest at a rate of 9.5% from March 1, 1982.

4. The Plaintiff filed its Order of Sale on May 12, 1982. Said property was duly advertised in the Daily Court Reporter with a sale date of July 30, 1982. Said property was appraised at $9,900 and could not sell for less than two-thirds of the appraisement.

5. The Plaintiff on the day of the sale was the successful bidder for the sum of $6,600. On the day of sale the outstanding debt to the Plaintiff was $18,-722.19. The proceeds of the sale was applied leaving a new balance due of $8,653.74.

6. On August 11, 1982, the Motion to Confirm Sale, Assignment of Bid to the Secretary of Housing and Urban Development and the Entry Confirming Sale were filed. The Sheriff of Montgomery County signed the Deed to the pur-

chaser of said Sheriff's sale on August 12, 1982.

7. On August 20, 1982, the Plaintiff filed a Writ of Restitution requesting the purchaser be placed in possession of the premises described in the Complaint.

8. The mortgage assumed by the Debtor, Katherine Mae Simpson, is a mortgage insured under the provisions of the National Housing Act; and the protection granted in Section 362 does not apply.

9. Defendant filed Chapter 13 proceedings on August 16, 1982, and notice of the Plan was mailed to Plaintiff and H.U.D. on September 13, 1982 (Exhibit "A").

10. The Debtor's 341 hearing was held on September 28, 1982, and the confirmation hearing held on October 5, 1982, all without objection to Debtor's Plan. Such Plan clearly set forth the position of Debtor in recovering the real estate and proposing for payment of such real estate.

11. On October 13, 1982, an Order was entered upon the record confirming Debtor's Chapter 13 Plan and no appeal was taken from such Order.

12. Debtor has tendered the regular monthly payment due on the original Note, but Plaintiff has refused to accept such payment since the confirmation of the Plan.

13. Plaintiff filed its Complaint for relief of stay on September 23, 1982 to which Defendant has answered on October 25, 1982, and the parties have agreed to submit the issues to the Court for decision by way of stipulation and briefs due by November 19, 1982, without an evidentiary hearing.

The pertinent provisions in Debtor's Chapter 13 Plan are as follows:

The default on the obligation due Winters and assigned to H.U.D. shall be cured by payments of the arrearage of approximately $3,268 in existence as of 8-30-82 and the title to the real estate at 2637 Fairport Ave., Dayton, OH 45406, in Debtor's name on 7-29-82 plus the note and mortgage relating to said real estate shall be reinstated as of 7-29-82 and regular monthly payments on such reinstated loan and mortgage shall be made outside the Plan. In the event the title, note and mortgage cannot be reinstated, Debtor shall have the right to redeem the real estate by payment of no less than $372 per month into the Plan of which no less than $330 per month shall be paid to H.U.D. to redeem the property and if not fully redeemed at the end of 60 months, Debtor shall obtain other financing to redeem the property in full for the remaining balance.

It is undisputed that Plaintiff, as a scheduled creditor, duly received notice of the Plan and that Plaintiff did not object to the Plan confirmation herein.

The Complaint essentially requests Court approval for Plaintiff to pursue its prepetition Writ of Restitution in state court. Debtor argues against Plaintiff's request on the basis that the Plan confirmation is *res judicata* in regard to disposition of the subject property.

### DECISION AND ORDER

The instant prepetition sale by order of the state court effected a termination of Debtor's right of redemption under Ohio law. O.R.C. § 2329.33; See also this Court's opinion in, *The Lomas and Nettleton Company v. Smith,* 24 B.R. 403 (Bkrtcy., Ohio 1982) defining the limits of *Percy Wilson Mortgage and Finance Corp. v. McCurdy,* 21 B.R. 535, 9 B.C.D. 330 (Bkrtcy., Ohio 1982), conformably to Ohio Revised Code § 2329.33. The basic legal issue, therefore, is whether a Debtor may bind a creditor through a Chapter 13 plan to revive a debtor's title to property which ceased to be property of the debtor prior to the debtor's petition filing. A complication in the case *sub judice* is that the unsecured creditor herein bound by the Plan, (11 U.S.C. § 1327(a)), is also the good faith purchaser at the judicial sale divesting Debtor of title to the property.

 It is the determination of the Court that a Chapter 13 plan may not provide for disposition of property which is not property of the estate as defined in 11 U.S.C. § 541. The fact of plan confirmation cannot bind a property owner to a plan provision disposing of his property when such property is not within the Court's vested jurisdiction. Assuming, *arguendo*, that some principle of state law would permit the divestiture of the title to the real property duly acquired from the Sheriff of Montgomery County, an adversarial action would be necessary, with all of the protections of due process of law. Note 28 U.S.C. § 1471.

 It is the opinion of this Court that the fact that the owner of the subject property is also a duly notified creditor herein (based upon a claim for the unsecured portion of the claim not paid through the judicial sale) does not alter the scope of the Court's Chapter 13 jurisdiction to affect property which is not "property of the estate." Arrangements such as the questioned Plan provision are properly regulated by private contract law, and a "meeting of the minds," as is impliedly alleged, cannot be forced upon Plaintiff by application of *res judicata* principles to an order confirming provisions not capable of proper administration within the Chapter 13 process.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the instant Complaint is accordingly GRANTED because the Chapter 13 Plan provisions providing for disposition of the subject property is hereby deemed unenforceable.