In re Kenneth Donnell WALKER, Debtor.

Bankruptcy No. 96–5049–BKC–3P3.

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

Jan. 27, 1997.

Lynn Drysdale, Jacksonville, FL, for Debtor.

A. Barry Grosse, Jacksonville, FL, for National Title Loan, Inc.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This case came before the Court on Debtor's Second Amended Motion for Contempt and Sanctions for Violation of the Automatic Stay against National Title Loan, Inc. and Ron Ross Meardy, d/b/a Auto Liquidation Center. After hearings on November 22, 1996, November 25, 1996, December 9, 1996, and December 23, 1996, the Court makes the

following findings of fact and conclusions of law:

## FINDINGS OF FACT

1. On February 27, 1996, Debtor executed a "Contract of Title Pledge" in favor of National Title Loan, Inc. (Nat.Tit.Loan Ex. 5; Debtor's Brief at 2). Under the contract, Debtor pledged the title to his 1979 Kenworth Tractor Trailer (truck) in exchange for a cash loan of $2,028.25. (Nat.Tit.Loan Ex. 5). Under the agreement, Debtor maintained possession of the vehicle. (Debtors's Brief at 2).

2. The contract had a maturity date of March 27, 1996, and stated that there was no grace period. (Nat.Tit.Loan Ex. 5). The contract included a "redemption premium" which accrued at a rate of twenty-two percent (22%) of the loan amount per month. Prior to the maturity date, Debtor was required to make full payment of the loan amount plus the accrued redemption premium ($2,474.47) or make a minimum payment of $450.02 and sign a renewal contract. (*Id.*)

3. The contract further provided:

If the Pledgor does not pay the Total Redemption Price or supplant with renewal contract on or before the maturity date, Pledgor will without notice or demand deliver pledged vehicle to National Title Loan, Inc. or its agent may take vehicle possession wherever it may be located. Sixty (60) days after the date of this contract, pledged vehicle is subject to sale or disposal without further notice, and Pledgor consents to such sale if the Total Redemption Price as updated has not been paid.

(*Id.*)

4. Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code on March 14, 1996. (File Doc. 1, Case No. 96–1435). The case was dismissed on July 29, 1996 for Debtor's failure to make interim payments as required by 11 U.S.C. § 1326(a)(1). (Nat.Tit.Loan Ex. 9; File Doc. 35, Case No. 96–1435). During the pendency of Debtor's first bankruptcy case, Debtor defaulted on the Contract of Title Pledge.

5. On August 21, 1996, Debtor filed a second chapter 13 petition. (File Doc. 1, Case No. 96–5049). At the same time, National Title Loan, Inc. repossessed the truck. The Court heard conflicting testimony as to when the repossession took place. Ron Ross Meardy, as general manager and corporate secretary of National Title Loan, Inc., testified that the truck was repossessed on August 16, 1996, and he sold it to himself, doing business as Auto Liquidation Center, on August 19, 1996. (Tr. Nov. 22, 1996 at 14, 16). National Title Loan also produced two witnesses who testified that the truck was repossessed on August 16, 1996, and exhibits evidencing the sale to Auto Liquidation Center on August 19, 1996. (Tr. Nov. 22, 1996 at 31–48; Nat.Tit.Loan Ex. 1, 3, 4, 6, 10).

Debtor, however, testified that the truck was repossessed on the day he filed his second petition, August 21, 1996. He further testified that he visited National Title Loan, Inc. on the same day, informing Meardy of the bankruptcy filing and requesting the return of the truck. (Tr. Nov. 22, 1996 at 3; Tr. Dec. 9, 1996 at 11). Debtor also produced two witnesses who testified that they saw the truck in the possession of the Debtor on August 17, 1996 and August 20, 1996, along with an estimate for repairs to the truck dated August 17, 1996. (Tr. Nov 22, 1996 at 8–13; Debtor Ex. 2).

Based on the testimony and documentary evidence presented, the Court finds that the repossession occurred on August 16, 1996.[1]

6. On September 24, 1996, Debtor, appearing pro se, filed a Motion for Sanctions against National Title Loan, Inc. for violation of the automatic stay. (File. Doc. 15, Case No. 96–5049). The Court denied that motion without prejudice on October 10, 1996. (File Doc. 22, Case No. 96–5049). Debtor subsequently obtained counsel and on November 7, 1996, filed an Amended Motion for Contempt and Sanctions for Violation of Automatic Stay

---

1. The Court makes this finding of fact based on the weight of the evidence, but feels compelled to express its suspicions of the business relationship and practices existing between the respondents.

For example, the Court finds it curious that the bill of sale from National Title Loan, Inc. to Auto Liquidation Center was notarized by Ron Ross Meardy.

against National Title Loan, Inc. (File Doc. 29, Case No. 96–5049). On November 26, 1996, Debtor filed a Second Amended Motion for Contempt and Sanctions for Violation of Automatic Stay against National Title Loan, Inc. and Ron Ross Meardy, d/b/a Auto Liquidation Center. (File Doc. 39, Case No. 96–5049).

7. Debtor argued that the terms of the title pledge contract are in conflict with Florida title loan laws, thus rendering National Title Loan's repossession and sale of the truck illegal. Debtor further contended that Meardy, in his capacity with National Title Loan, Inc. and Auto Liquidation Center, knew or should have known of the illegality of the contract, the repossession, and the sale. Thus, Debtor alleged that National Title Loan, Inc. and Ron Ross Meardy, d/b/a Auto Liquidation Center wrongfully took possession of the truck and, despite knowledge of Debtor's bankruptcy filing, willfully failed and refused to return the truck. (Debtor Brief at 1–2).

8. National Title Loan, Inc. argued that state law determines what constitutes a property right for purposes of a bankruptcy estate under 11 U.S.C. § 541. National Title Loan argued that under Florida law, a property owner has sixty (60) days to redeem the property. Upon expiration of the redemption period, the dealer may sell or dispose of the property. Thus, National Title Loan contended, when an owner pledges a motor vehicle title in a title loan transaction, the owner essentially conveys all of his interest in the vehicle to the dealer and retains only a conditional right or possession and a right of redemption.

National Title Loan further argued that 11 U.S.C. § 108 provides the time guidelines for redemption after the filing of a petition, and that because the Court has held that § 362 does not suspend the period of redemption under Florida law, the debtor's right to redeem the title expired sixty (60) days after the petition date. National Title Loan alternatively argued that in the absence of § 108, the protection of the stay would have expired upon the dismissal of the Debtor's first bankruptcy on July 29, 1996, and that the truck was not subject to the stay between July 29, 1996 and August 21, 1996, the date of the Debtor's second filing. National Title argued that the truck was validly repossessed on August 16, 1996 and sold on August 19, 1996 without imposition of the automatic stay. (Nat.Tit.Loan's Brief at 10–11).

9. Ron Ross Meardy, d/b/a Auto Liquidation Center argued that the Contract of Title Pledge constituted a transfer of legal title with a right of redemption. Meardy further argued that because the truck was validly transferred to a dealership prior to Debtor's second bankruptcy filing, the truck did not become a part of Debtor's current bankruptcy case. Finally, Meardy argued that because Debtor failed to redeem the truck prior to the expiration of the sixty (60) day period provided in 11 U.S.C. § 108, the truck was not a part of the debtor's estate at the time of the repossession. (File Doc. 56, Case No. 96–5049).

## CONCLUSIONS OF LAW

The primary issue before this Court is whether the actions of National Title Loan, Inc. and/or Ron Ross Meardy, d/b/a Auto Liquidation Center constitute a violation of the automatic stay imposed by 11 U.S.C. § 362, and if so, whether such violations warrant the imposition of sanctions in favor of the debtor in accordance with 11 U.S.C. § 362(h).

The automatic stay operates to enjoin a creditor from attempting to possess or exercise control over property of a bankruptcy estate once a petition has been filed. 11 U.S.C. § 362. A bankruptcy estate is comprised of all property in which the debtor has a legal or equitable interest. 11 U.S.C. § 541. A debtor's interest in property for purposes of determining property of a bankruptcy estate is determined by state law. *Butner v. United States,* 440 U.S. 48, 55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979).

In this case, the Debtor's interest in the truck is governed by the title pledge contract which must be construed under Florida title loan law. Florida law provides that a motor vehicle owner who pledges title to his vehicle has sixty (60) days from the

date of the pledge to redeem the title. Fla. Stat. ch. 538.16 (1995).

Debtor signed his Contract of Title Pledge with National Title Loan, Inc. on February 27, 1996. Thus, but for the Debtor's first bankruptcy filing on March 14, 1996, the redemption period would have expired on April 27, 1997. However, upon the filing of a bankruptcy petition, Bankruptcy Code section 108 governs the time periods in which a debtor may redeem property. Pursuant to § 108(b), a debtor has sixty (60) days from the date of the petition to redeem property. 11 U.S.C. § 108(b). *See also In re Hand,* 52 B.R. 65, 66 (Bankr.M.D.Fla.1985) (holding that "immediately upon filing[,] § 108(b) automatically [gives debtors] 60 days in which they could exercise their right to redeem [  ] property.").

This Court has previously held that the automatic stay provision of § 362 does not operate to suspend the sixty (60) day redemption period provided by § 108(b). *Id.* (holding that "§ 108(b) governs the time period in which [  ] debtors retain the right to redeem and that § 362 does not suspend the period of redemption provided under Florida law."). Thus, pursuant to § 108(b), debtor's right to redeem the title to the truck expired on May 14, 1996.

■ This Court has also held that if a debtor fails to redeem the property within the redemption period, debtor's right to redeem is terminated, and debtor's interest in the property is permanently extinguished. *Id.* In this case, Debtor failed to redeem the truck prior to the expiration of the redemption period, and the Court finds that his interest in the property was terminated by law on May 14, 1996.

National Title Loan, Inc. repossessed the truck on August 16, 1996. The repossession occurred after the expiration of the redemption period, but prior to the debtor's current bankruptcy filing. Thus, on the date of the repossession, the truck was not property of a bankruptcy estate and was not protected by the automatic stay.

The debtor argued that this case presented factual similarities to one decided by the United States Bankruptcy Court for the Middle District of Tennessee. In *Lynn v. Financial Solutions Corp. (In re Lynn),* 173 B.R. 894 (Bankr.M.D.Tenn.1994), a debtor brought a turnover action against a pawnbroker, seeking the return of debtor's truck which the pawnbroker repossessed upon the debtor's default of a pawn agreement. The *Lynn* court held that the pawn agreement entered into by the parties contained provisions which violated the Tennessee Pawnbrokers Act and declared the agreement void. *Id.*

Debtor in this case alleged that the title pledge he executed in favor of National Title Loan, Inc. contains provisions which violate Florida law governing secondhand dealers and title loan agreements. Debtor argued that the Court should declare the Contract of Title Pledge void as a matter of law and find that the truck was unlawfully repossessed and retained by the respondents in violation of the automatic stay.

■ First, Debtor argued that the Contract for Title Pledge contained an ambiguous date and that it is impossible to determine when the redemption period began. However, Debtor testified that he thought the contract was executed in February of 1996. (Tr. Nov. 22, 1996 at 68). Additionally, Debtor's brief acknowledged February 27, 1996 as the probable date of the contract. (Debtor's Brief at 2).

■ Debtor next argued that National Title Loan violated Florida Statute ch. 538.06(1), which prohibits a secondhand dealer from selling, bartering, exchanging, altering, adulterating, or disposing of any secondhand goods within 15 calendar days of the date of acquisition of the goods. Debtor argued that because National Title Loan, Inc. repossessed debtor's truck on August 16, 1996 and sold it to Auto Liquidation Center on August 19, 1996, it violated this statutory provision. However, Florida Statute ch. 538.06(5)(d) specifically deals with vehicles repossessed upon default of a title loan. That subsection, when read in conjunction with Florida Statute ch. 538.16, provides that a secondhand dealer may sell or dispose of any vehicle not redeemed within 60 days of the date of the contract.

This Court finds that the 15 day holding period requirement is inconsistent with a secondhand dealer's right to dispose of a vehicle after 60 days. Thus, the Court finds that under this interpretation, National Title Loan, Inc. did not violate the holding period requirement. Even if the holding period was applicable to repossessions of vehicles subject to title loans, a violation of this provision would subject a secondhand dealer to penalties under Florida law, but would not necessarily void the contract under which the vehicle was repossessed.

Finally, Debtor argued that the Contract for Title Pledge contains illegal fees. In relevant part, Florida Statute ch. 538.06 provides:

(e) A secondhand dealer who accepts a motor vehicle title in a title loan transaction may charge a maximum fee of 22 percent per month.

(f) No charges other than those charges permitted in paragraph (e) shall be allowed, and said charges shall be fully disclosed, conspicuously in writing, and initialed by the motor vehicle owner at the initiation of the transaction.

Fla.Stat. ch. 538.06 (1995).

The Contract for Title Pledge required the Debtor to repay a "Total Redemption Price," which the contract defined as "the cash loaned to Pledgor or on Pledgor's behalf now or in the future due to Pledgor's account nonpayment (including advances for title, insurance, repossession, storage, and other fees) plus .22 per month of the cash advanced." (Nat.Tit.Ex. 5). The contract also included a $20 fee for returned checks. (*Id.*)

This Court agrees that arguably, these terms could be interpreted to require the debtor to pay fees unauthorized by Florida law. However, for purposes of adjudicating a motion for contempt and sanctions for violation of the automatic stay, the Court requires evidence on whether the truck was property of the estate and protected by the automatic stay. Outside of counsel's argument that the terms were improperly included in the contract, the Court has insufficient evidence to determine whether the contract is void as a matter of law. That is not to say,

however, that when presented with more evidence in an appropriate forum, another court would not find otherwise.

## CONCLUSION

The Court finds that Debtor's right to redeem the title to the truck expired on May 14, 1996. Upon Debtor's failure to redeem the title, the Debtor's interest in the truck was terminated. National Title Loan, Inc. repossessed the truck after the expiration of the redemption period but prior to debtor's current bankruptcy filing. At the time of the repossession, the truck was not protected by the automatic stay. Thus, the Court finds that there was no violation of the automatic stay in this case. By separate order, the Court will deny Debtor's Motion for Contempt and Sanctions against National Title Loan, Inc. and Ron Ross Meardy, d/b/a Auto Liquidation Center.